NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VERONICA AGUILAR-ALDANA;
ANIBAL EDUARDO SOLORZANO-
AGUILAR,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   20-73522

Agency Nos.   A202-144-506
                       A202-144-507

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2026**

Before:  CLIFTON, BADE, and COLLINS, Circuit Judges.

Petitioners Veronica Aguilar-Aldana and her minor son, natives of El

Salvador, seek review of the Board of Immigration Appeals' (BIA) dismissal of an

appeal from an Immigration Judge's (IJ) decision denying their applications for

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). When, as in this case, the BIA affirms the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and "does not express any disagreement with the IJ's reasoning or conclusions, we revisit both decisions and treat the IJ's reasons as those of the BIA." *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Petitioners assert that the BIA's summary affirmance, or "streamlining" procedure, under 8 C.F.R. § 1003.1 violates due process. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1003 (9th Cir. 2003) (discussing the streamlining procedure). In this case, the BIA affirmed under *Matter of Burbano* and issued a decision explaining that it affirmed the IJ's decision "for the reasons set forth by the Immigration Judge." Thus, the BIA did not employ the summary affirmance procedure. And even if it had, this court has previously rejected a due process challenge to that procedure. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir. 2003).

2.      "A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023); *see* 8 U.S.C. § 1158(b)(1)(B)(i) (listing protected grounds). Petitioners' claims for asylum and withholding of removal were based on

membership in the proposed particular social group (PSG) of "Salvadoran business owners who have been targeted by gangs due to their perceived economic superiority."

We have recognized that the "requirements for a cognizable group [are] an immutable characteristic, particularity, and social distinction." *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020). The applicant must establish "all the requirements" for a PSG to constitute a protected ground. *Id.* The agency determined that the proposed PSG did not meet all the requirements and, therefore, was not cognizable.

Petitioners forfeited review of the agency's determination that they failed to establish a cognizable PSG. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments that are not meaningfully developed in a petitioner's opening brief are forfeited). The agency's unchallenged cognizability determination is dispositive of Petitioners' claims for asylum and withholding of removal. *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (denying petition for review when PSG was not cognizable and the petitioner did not establish any other protected ground), *abrogated on other grounds by*, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Accordingly, we deny the petition for review as to these claims.

3.    Petitioners' CAT claims fail because the record does not compel a

conclusion that it is "more likely than not" that Petitioners would be tortured if removed to El Salvador by or with the acquiescence of the Salvadoran government. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal is denied, and the temporary stay of removal is lifted. Dkt. 1.